# Richmond

## A. D. RUCKER AND C. E. RICHARDSON, JR., CO-PARTNERS, ETC. v. CLARICE DENTON PEACO, IN HER OWN RIGHT AND AS ADM'X, ETC.

June 19, 1950.

Record No. 3659.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley; Buchanan and Miller, JJ.

The opinion states the case.

*Wilbur G. Mitchell* and *George W. Reilly*, for the appellants.

W. *Griffith Purcell* and *Melvin Wallinger*, for the appellee.

SPRATLEY, J., delivered the opinion of the court.

In June, 1947, Mrs. Clarice Denton Peaco, in her own right and as administratrix of her husband, Albert Lee Peaco, deceased, instituted a suit against her daughter, Dorothy Peaco Corker, an infant, for the partition of certain real estate in the county of Henrico, Virginia. The real estate had been conveyed in 1944 to Albert Lee Peaco and his wife, Clarice Denton Peaco. Mr. and Mrs. Peaco operated thereon a tavern or night club, known as "English Tavern," until the death of Mr. Peaco on March 31, 1946. Peaco died intestate, leaving surviving him his widow and two children, a son, Albert Lee Peaco, Jr., an adult, and a daughter, Dorothy Peaco Corker, 14 years of age. Albert Lee Peaco, Jr., conveyed to his mother all of his interest in the real estate by deed dated September 5, 1946.

The partition suit was duly matured as to the infant defendant, and by decree of August 6, 1947, the court referred the cause to R. C. Lyne, a commissioner in chancery, for inquiry and report on the necessary questions involved. In execution of this decree, the commissioner began the taking of evidence on August 7, 1947, and continued the hearing from time to time.

It appeared that on June 2, 1947, Mrs. Peaco, for herself and infant daughter, Mrs. Peaco signing her daughter's name, had accepted a written offer from Clyde L. Abrahams and Elma B. Abrahams to purchase the real estate, furniture and fixtures connected with the tavern for the sum of $15,000 cash, provided the title was "free from valid objection." The acceptance further provided for the payment of brokerage commissions by the owners to A. D. Rucker and C. E. Richardson, Jr., co-partners trading as Rucker and Richardson.

In October, 1947, Abrahams and his wife filed a petition

asking to be made parties to the partition suit, and praying the court to order the specific performance of the contract of June 2, 1947.

By decree of October 8, 1947, their petition was granted, the petitioners were admitted as parties, proper process was directed to be issued, and the petition referred to Mr. Lyne, the commissioner in chancery, who was then executing the decree of reference theretofore entered. The infant defendant in person and by her guardian *ad litem* answered and said that no person was authorized in fact or in law to enter into any contract binding or affecting her interest in the property which constituted the subject matter of the suit. Mrs. Peaco answered and said that, at all times during her negotiations, the Abrahams were advised that her daughter, an infant, owned an interest in the property; that she, Mrs. Peaco, was without power to convey a fee simple title to said property with general warranty; and that title, particularly with reference to the real estate, could be conveyed only pursuant to authority of a court of competent jurisdiction in a proper suit.

By decree of December 11, 1947, the above answers were ordered to be filed and referred to Commissioner Lyne. This decree also directed the commissioner to take an account of the debts and demands against the estate of Albert Lee Peaco, deceased, and ordered that Mrs. Peaco settle her accounts as administratrix before the said commissioner.

Mr. and Mrs. Abrahams testified before the commissioner. They said that they desired the property and would take a marketable deed, approved by their attorney, if the court should approve a sale of the entire property, real and personal, including the interest of the infant. They admitted that they knew the state of the title at the time the contract was entered into, and that it would be necessary to have a chancery suit and decree of court before a marketable title to the property could be conveyed. A. D. Rucker admitted that he and the Abrahams were fully aware throughout their dealings with Mrs. Peaco that her infant daughter

had an interest in the real estate, and that it would be necessary to obtain the order of a court for the sale of that interest. He also knew that the Abrahams were unwilling to take less than a fee simple title to all of the property. As a matter of fact, it appears that both Rucker and C. E. Richardson, Jr., were familiar with the business affairs of Mrs. Peaco. They were trustees in a deed of trust against her interest in the property securing a note for $1,500, owned by them, and also trustees in a former deed of trust from Mr. and Mrs. Peaco, securing the balance due on a debt of $6,000 against the entire property. They recommended to Mrs. Peaco the employment of certain counsel to bring the partition suit.

In May, 1948, appellants, as trustees in the deed of trust last mentioned, advertised the property involved for sale at public auction on June 9, 1948, while the offer of the Abrahams to purchase was under the consideration of the court. We are told that this sale was prevented by the filing of a *lis pendens* and threat of an injunction.

The commissioner's report, being delayed for various causes, was not filed until October 6, 1948. The commissioner then informed the court that the Abrahams desired to withdraw their petition filed in the cause and abandon any rights they might have for the purchase of the "English Tavern" property. He recommended that specific performance should not be enforced against any of the parties. The value of the "English Tavern," including the real and personal property connected therewith, as a going concern, was stated to be $16,000, $2,500 of which amount represented the value of good will.

By decree of December 9, 1948, after reciting that the Abrahams had filed a petition requesting that they be dismissed from the cause and be relieved of all obligations to comply with the terms of the contract for the purchase of the property involved, the court ordered that their prayer be granted and adjudged that the Abrahams, as well as Mrs. Peaco and her daughter, "be and they hereby are relieved

of any and all obligations under and by virtue of their agreement of June 2, 1947, as if the same had never been entered into."

On December 9, 1948, the court confirmed the report of the commissioner in chancery, and appointed special commissioners to proceed to sell the property, either privately or publicly, submitting offers received to the court for its approval.

On December 23, 1948, the court declared it to be to the best interest of all parties interested that an offer of $18,500 for the property be accepted, directed its sale for that sum, and conveyance by special commissioners.

On March 1, 1949, by decree, a delivery of the deed to the purchaser was approved and confirmed, and the funds ordered to be distributed, including an allowance of a real estate commission of five per centum to Harry C. Jordan and W. E. Matthews, brokers negotiating the sale. This decree contained the following recital and judgment:

"And the Court having heretofore considered the depositions and exhibits filed herein with the report of the Commissioner in Chancery relating to the claim of Rucker and Richardson to commissions under the writing entered into between Clarice D. Peaco for herself and the infant defendant herein with Clyde L. Abrahams and Elma B. Abrahams under date of June 2, 1947, and heard the arguments of counsel for Rucker and Richardson and for the complainant, as well as the Guardian *ad Litem* for the infant defendant, and being of the opinion that Rucker and Richardson are not entitled to commissions under said writing and that such commissions should not be allowed, the Court doth adjudge, order and decree that Rucker and Richardson are not entitled to and shall not be allowed any commissions under or by virtue of said writing. To which said action of the Court the said Rucker and Richardson object and except."

Appellants thereupon applied for and obtained this appeal alleging error in the refusal of the trial court to allow

them compensation as real estate brokers in procuring the Abrahams as purchasers for the property mentioned.

The record of the partition suit discloses that the appellants were never made parties to that proceeding. They filed no petition asking to be admitted. There was no decree showing their admission. Appellants presented no claim for brokerage commissions before the special commissioner. There was no issue before the commissioner or the court which Mrs. Peaco and her daughter were called upon to defend. According to the final decree, the trial court heard the arguments of counsel, but no evidence on the merits of the claim.

The procedure followed by appellants is nowhere recognized by law or practice. Their claim deserved no consideration under that procedure, but more than that there is nothing in the record to show that they were entitled to a broker's commission. They did not find purchasers ready, willing and able to take the property at the price upon the terms agreed upon. The defeat of the sale to the Abrahams was not due to any fault or misrepresentation of the owners. The proposed purchasers were relieved of their contract, at their request, by the decree of a court having competent jurisdiction. That decree also relieved Mrs. Peaco and her daughter of all liability.

The evidence conclusively shows that all of the parties connected with the agreement of June 2, 1947, fully understood and knew that it could have no force as a contract unless and until it should be accepted and approved by a court of competent jurisdiction in a suit to which the daughter was a party; that the agreement was nothing more than an offer to purchase and to sell under certain conditions; and that the offer to purchase was withdrawn by the persons who made it, with the consent and approval of the court before the time for the conclusion of a sale had arrived. The attempt of appellants, as trustees, to sell the property under the terms of a deed of trust during the pendency of this cause was inconsistent with their subsequent contention that

they had obtained an enforceable contract of sale to the Abrahams.

It is useless to add more, except to condemn the irregularity of the proceeding on the part of the appellants. Their claim is without merit. The decree of the trial court refusing its allowance is affirmed.

*Affirmed.*